Sandra E. Stone (State Bar No. 161267)
sstone@plawp.com
Jenny J. Chu (State Bar No. 223077)
jchu@plawp.com
Weiland S. Chiang (State Bar No. 309188)
wchiang@plawp.com
PACIFIC LAW PARTNERS, LLP
2000 Powell St., Suite 950
Emeryville, CA 94608
Tel: (510) 841-7777
Fax: (510) 841-7776

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROVIN DHAWAN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>STATE FARM GENERAL INSURANCE COMPANY, and Does 1-10,<br><br>　　　　Defendants. | Case No.:<br><br>[Alameda County Superior Court Case No. 23CV026026]<br><br>**NOTICE OF REMOVAL**<br><br>Complaint filed: January 20, 2023 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendant State Farm General Insurance Company ("State Farm"), by and through its undersigned counsel, and pursuant to 28 USC §§ 1332, 1441, and 1446, hereby gives notice of removal of this action to the United States District Court for the Northern District of California. As grounds for this removal, State Farm states as follows:

　　1.　　On January 20, 2023, plaintiff Provin Dhawan ("Plaintiff") commenced an action against defendant State Farm in the Superior Court of the State of California, County of Alameda, entitled *Provin*

1

1  *Dhawan v. State Farm General Insurance Company*, as Alameda County Number Case Number 23CV026026. A copy of Plaintiff's Complaint ("Complaint") is attached hereto as **Exhibit "A".**

2. The first date upon which State Farm received a copy of the said Complaint was on January 24, 2023, when State Farm was served with a copy of the Summons and Complaint. State Farm has not filed an answer to the Complaint. A copy of the Summons is attached hereto as **Exhibit "B"**. A copy of the Civil Cover Sheet is attached as **Exhibit "C"**. A copy of the Notice of Service of Process is attached as **Exhibit "D"**. A copy of the Court's Notice to Plaintiff of Assignment and Case Management Conference is attached as **Exhibit "E"**.

3. Thus far, State Farm has not been served with any pleading, process, and/or order other than Exhibits "A" through "E", which are attached hereto in compliance with 28 USC § 1446(a).

4. **Jurisdiction**. This action is a civil action of which this Court has original jurisdiction under 28 USC § 1332, and is one which may be removed to this Court pursuant to 28 USC § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

   a. **Diversity Jurisdiction Exists.** The Court has original diversity jurisdiction over the case pursuant to 27 USC § 1332(a) because Plaintiff and State Farm are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

   b. **Citizenship of Plaintiff.** Plaintiff was at the time of the filing of this action, and still is, a resident and citizen of the State of California. (Complaint, ¶1, p.

1:22-23.) For diversity purposes, a person is a "citizen" of the state in which he is domiciled.

c. **Citizenship of Defendant.** Defendant State Farm is the only named defendant in this Complaint. State Farm was at the time of the filing of this action, and still is, a citizen of the State of Illinois. State Farm is incorporated under the laws of Illinois, having its principal place of business in the State of Illinois, located at 1 State Farm Plaza, Bloomington, Illinois 61791. (Complaint, ¶3, p. 2:4-9.) State Farm is therefore a citizen of Illinois for the purposes of diversity jurisdiction. See 28 USC § 1332(c)(1); *Hertz Corp. v Friend*, 559 U.S. 77, 92-93 (2010). The naming of fictitious defendants in the state court Complaint, namely Does 1 through 100, is disregarded when determining the propriety of removal. 28 USC § 1441(a).

d. **The Amount in Controversy Requirement is Satisfied Under 28 USC § 1332.**

Where the amount of damages sought by the plaintiff is unclear, the defendant must demonstrate that it is "more likely than not" that the amount in controversy exceeds $75,000. *Simmons v. PCR Technology,* 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002) (citing *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403 (9th Cir. 1996) and *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992)); see also *Kenneth Rothschild*

*Tr. v. Morgan Stanley Dean Witter,* 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). When determining whether the amount in controversy has been satisfied, the district court will assume that the allegations in the plaintiff's complaint are true and that a jury will return a verdict in favor of the plaintiff on all claims stated in the complaint. *Kenneth Rothschild Tr.,* 199 F.Supp.2d at 1001 (citing *Jackson v. American Bankers Ins. Co. of Florida,* 976 F.Supp. 1450, 1454 (S.D. Ala. 1997)). Once the removing party presents such proof, the burden shifts to the plaintiff to show that as a matter of law it is certain that he will not recover an amount in excess of $75,000. *Kenneth Rothschild Tr.,* 199 F.Supp.2d at 1001 (citing *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1411 (5th Cir. 1995)).

Where the plaintiff seeks a declaration regarding liability under a contract, the potential liability is the "amount in controversy." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977); *In re Corestates Trust Fee Litig.*, 39 F.3d 61, 65-66 (3rd Cir. 1994). Specifically related to contracts of insurance, the potential indemnity obligation determines the amount in controversy, not the face amount of the policy. *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002); *Meridian Security Ins. Co. v. Sadowski,* 441 F.3d 536, 539 (7th

Cir. 2006); *American Family Mutual Ins. Co. v. Vein Ctrs. for Excellence, Inc.*, 912 F.3d 1076, 1081(8th Cir. 2019).

Plaintiff's Complaint alleges that State Farm breached the insurance contract by failing to fully pay benefits owed for loss of personal property due to an alleged robbery. (Complaint, ¶¶9, 13.) Plaintiff contends that he has not been paid for his loss, and seeks payment equivalent to the allegedly stolen personal property. According to statements plaintiff made during his claim, such loss amounts to $408,670.53. The limits for personal property in Plaintiff's policy is $464,425.00. (Complaint, Exhibit A.) Plaintiff alleges that State Farm has breached the express or implied terms of the policy by "repudiating their obligations under the Policies to completely reimburse all items inventoried upto [*sic*] the *limits of the policy*." (Complaint, ¶13 (emphasis added).) Plaintiff further alleges that State Farm breached the covenant of good faith on State Farm's failing to affirm or deny coverage within a reasonable time after being notified of Plaintiff's claims, and using "improper and inapplicable standards[,]" as well as "unduly restrictive interpretations" of Plaintiff's Policy language to deny him coverage. (Complaint, ¶16.)

///

Plaintiff's Complaint alleges he is entitled to economic damages under both breach of contract and bad faith causes of action, which he seeks to recover from State Farm in this matter. (Complaint, ¶¶14, 18.) In addition to this amount, Plaintiff also prays for an award of attorney's fees and costs, expenses of litigation, interest, and exemplary damages. (Complaint, pp. 7:21-26; 8:4-5.)

Exemplary damage claims, also known as punitive damages, are included in the determination of the amount of controversy, as such damage claims are recoverable as a matter of California law, unless it can be said to a legal certainty that a plaintiff would not be entitled to recover the jurisdictional amount. Cal. Civ. Code § 3294; *Egan v. Mutual of Omaha Ins. Co.*, 24 Cal.3d 809, 820 (1979) (recognizing exemplary damages recoverable for breach of insurance contract where conduct is oppressive, fraudulent, or malicious); *Anthony v. Security Pac. Fin'l Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount").

/ / /

/ / /

/ / /

/ / /

Case No.                                                                                          NOTICE OF REMOVAL

|   |   |
|---|---|
| 1 | For these reasons, the total amount of damages |
| 2 | sought by plaintiff here clearly exceeds the $75,000 |
| 3 | threshold by which this Court has diversity |
| 4 | jurisdiction. |

5. The United States District Court for the Northern District of California is the district embracing the location of the state court (Alameda County) where this Suit is currently pending.

6. This Notice of Removal is timely under 28 USC § 1446(b) because it is filed within thirty (30) days of the date on which State Farm was first served with the state court Complaint (January 24, 2023). 28 USC § 1446(b); Fed. R. Civ. P. 6(a)(1).

7. A notice to Plaintiff of removal of the state court Complaint has been or is being filed with the clerk of the Alameda County Superior Court, and this Notice of Removal has been or is being served on Plaintiff, in accordance with 28 USC § 1446(d).

DATED: February 21, 2023                    PACIFIC LAW PARTNERS, LLP

                                             By: s/Jenny J. Chu
                                             SANDRA E. STONE
                                             JENNY J. CHU
                                             WEILAND S. CHIANG
                                             Attorneys for Defendant
                                             STATE FARM GENERAL
                                             INSURANCE COMPANY